# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ALLEN JOHN MURRAY,** | § | |
| **TDCJ No. 02089384,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. SA-18-CA-01288-FB** |
| | § | |
| **BOBBY LUMPKIN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is *pro se* petitioner Allen John Murray's Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254 (ECF No. 1), wherein petitioner challenges the constitutionality of his

2016 state court conviction for compelling prostitution.  Also before the Court are petitioner's

supplemental memorandum (ECF No. 22), respondent Bobby Lumpkin's Answer (ECF No. 33), and

petitioner's Replies thereto (ECF Nos. 36, 51).  Having reviewed the record and pleadings submitted

by both parties, the Court concludes petitioner is not entitled to relief under the standards prescribed

by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  *See* 28 U.S.C. § 2254(d).

Petitioner is also denied a certificate of appealability.

## I.  Background

In July 2014, a Bexar County grand jury indicted petitioner on two counts of trafficking of

a child and two counts of compelling prostitution.  (ECF No. 30-2 at 10-11).  A jury acquitted

petitioner of three counts but found him guilty on one count of compelling prostitution.  *State v.

Murray*, No. 2014CR5283 (399th Dist. Ct., Bexar Cnty., Tex. Mar. 28, 2016); (ECF No. 30-2 at 304-

15).  After a separate punishment hearing, the jury sentenced petitioner to twenty-eight years  of imprisonment.  *Id*.

The Texas Fourth Court of Appeals affirmed petitioner's conviction on direct appeal. *Murray v. State*, 534 S.W.3d 540 (Tex. App.–San Antonio, June 21, 2017, no pet.); (ECF No. 30-21).  Petitioner did not file a petition for discretionary review with the Texas Court of Criminal Appeals.  (ECF No. 33-1).  Instead, petitioner challenged the constitutionality of his conviction by filing an application for state habeas corpus relief in the trial court. *Ex parte Murray*, No. 88,706-01 (Tex. Crim. App.); (ECF Nos. 30-32 and 30-33).  The Texas Court of Criminal Appeals eventually denied the application without written order based on the findings of the trial court.  (ECF No. 30-22).

Petitioner initiated the instant proceedings by filing a petition for federal habeas corpus relief, along with a memorandum in support, on November 7, 2018.  (ECF No. 1).  Shortly thereafter, petitioner also filed a second state habeas application in the state trial court. *Ex parte Murray*, No. 88,706-03 (Tex. Crim. App.); (ECF No. 30-44).  This Court granted petitioner's request to hold his federal proceedings in abeyance until the state court had ruled upon his recently-filed subsequent state habeas corpus application (ECF Nos. 9, 11).  On August 21, 2019, the Texas Court of Criminal Appeals dismissed the subsequent application as a successive petition pursuant to Tex. Code. Crim. Proc. Art. 11.07, Sec. 4.  (ECF Nos. 30-51).  A few weeks later, these proceedings were reopened, and petitioner filed a supplement to his original federal petition.  (ECF Nos. 21, 22).  Respondent's answer (ECF No. 33) and petitioner's replies (ECF Nos. 36, 51) then followed.

## II.  Petitioner's Allegations

In his original federal petition and lengthy supplemental memorandum that later followed

(ECF Nos. 1, 22), petitioner set forth the following claims for relief:

(1)     The trial court and trial counsel failed to require the State to elect which acts constitute the offense of compelling prostitution;

(2)     The guilty verdict is unconstitutional because it was non-unanimous;

(3)     His trial counsel were ineffective for failing to challenge the non-unanimous verdict;

(4)     The judgment violated the Double Jeopardy Clause;

(5)     Counsel were ineffective for failing to challenge the double jeopardy violation at trial or on appeal;

(6)     Counsel were ineffective for failing to challenge the language in the jury charge;

(7)     Counsel were ineffective for failing to challenge the variance between the indictment and the jury charge;

(8)     The indictment was fundamentally defective because it omitted the requisite manner and means;

(9)     His appellate counsel was ineffective for failing to challenge the factual and legal sufficiency of the evidence on direct appeal;

(10)    His trial counsel were ineffective for failing to require proper notice of the acts that constitute the offense;

(11)    The State committed misconduct by using a "superseding indictment;"

(12)    The cumulative effect of errors denied him a fair trial;

(13)    His trial counsel violated his right to testify;

(14)    Counsel were ineffective for failing to investigate and subpoena witnesses;

(15)    Counsel were ineffective for failing to request an accomplice-witness instruction;

(16)   Counsel were ineffective for failing to prepare and were not functioning as advocates;

(17)   He was deprived of his right to effective assistance when the trial court appointed counsel with less than 30 days to prepare for trial;

(18)   Counsel were ineffective for failing to consult with their client, investigate, or prepare a defense;

(19)   His appellate counsel was ineffective for failing to raise numerous meritorious challenges;

(20)   The State committed misconduct by reading the indictment at opening arguments, thus creating an impermissible "mandatory presumption;"

(21)   His trial counsel were ineffective for failing to request jury instructions;

(22)   His appellate counsel was ineffective for failing to raise a prosecutorial misconduct allegation on appeal;

(23)   The evidence was factually and legally insufficient to support a conviction; and

(24)   He was denied the right to a speedy trial.

### III.  <u>Standard of Review</u>

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA.  28 U.S.C.A. § 2254.  Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  *Brown v. Payton*, 544 U.S. 133, 141 (2005).  This intentionally difficult standard stops just short of imposing a complete bar on

federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).[1]

---

[1]  Petitioner submitted several pleadings to the state court raising numerous, sometimes overlapping, claims for relief. (ECF Nos. 30-23 through 30-37). While it appears that most of the 24 claims raised by petitioner in his federal petition were presented to the state court in his first state habeas proceeding, it is unclear by the trial court's findings of facts and conclusions of law (ECF No. 30-37 at 4-10) whether all the claims were considered by the state court. When it is unclear whether the state court adjudicated the merits of one of petitioner's allegations, this Court will apply a *de novo* standard of review instead of the deferential standard of review provided by § 2254(d). *See Hoffman v. Cain*, 752 F.3d 430, 437 (5th Cir. 2014).

## IV. <u>Analysis</u>

### A.    <u>The Indictment (Claims 1, 8)</u>

Petitioner was indicted on four counts—two counts of trafficking of a child and two counts of compelling prostitution—but only found guilty of one count of compelling prostitution (Count 3). In his first ground for relief, petitioner contends he was denied his due process rights when the State was not required to elect which specific acts constituted the offense alleged in Count 3. According to petitioner, the failure of the indictment to allege specific acts lead to a non-unanimous verdict, a notice requirement violation, and potential double jeopardy issues. Petitioner raises a similar allegation in his eighth ground for relief, arguing that the failure to allege a specific "manner and means" for Count 3 rendered the indictment fundamentally defective.

In rejecting these allegations, the state habeas trial court found both claims procedurally barred. (ECF No. 30-37 at 8). Citing *Ex parte Nelson*, 137 S.W.3d 666, 667 (Tex. Crim. App. 2004), the state court found petitioner's claims to be procedurally defaulted because he could have raised the claims on direct appeal. The Texas Court of Criminal Appeals later adopted the state habeas court's findings and denied petitioner's application. (ECF No. 30-22). Based on this procedural history, both of petitioner's claims are now procedurally barred.

Under the doctrine of procedural default, this Court is precluded from reviewing "claims that the state court denied based on an adequate and independent state procedural rule." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). The state habeas court's finding of procedural default constitutes such a denial. The state court determined petitioner's allegations to be procedurally defaulted under *Nelson*, 137 S.W.3d at 667, a case which in turn relies on *Ex parte Gardner*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1998). This rule from *Gardner*—which bars consideration of claims that could

have been but were not raised on direct appeal—is "an adequate state ground capable of barring federal habeas review." *Aguilar v. Dretke*, 428 F.3d 526, 535 (5th Cir. 2005) (citing *Busby v. Dretke*, 359 F.3d 708, 719 (5th Cir. 2004)).

This procedural bar to federal review may be overcome by demonstrating "(1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law or (2) that failure to consider his claims will result in a fundamental miscarriage of justice." *Smith v. Johnson*, 216 F.3d 521, 524 (5th Cir. 2000) (internal quotation marks and citation omitted). Petitioner does not make this showing. Because petitioner fails to demonstrate cause to excuse the procedural default or that a miscarriage of justice will result if the Court does not consider the claims on the merits, the claims are procedurally barred from the Court's review.

In any event, the sufficiency of a state indictment is not a matter for federal habeas relief unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction. *Evans v. Cain,* 577 F.3d 620, 624 (5th Cir. 2009). State law dictates whether a state indictment is sufficient to confer a court with jurisdiction. *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994). As such, this Court is "required to accord due deference to the state's interpretation of its own law that a defect of substance in an indictment does not deprive a state trial court of jurisdiction." *Id*. at 69 (citations omitted). The issue is foreclosed from consideration on federal habeas review if "the sufficiency of the [indictment] was squarely presented to the highest court of the state on appeal, and that court held that the trial court had jurisdiction over the case." *Wood v. Quarterman*, 503 F.3d 408, 412 (5th Cir. 2007) (citation omitted).

Here, Petitioner's claims concerning the sufficiency of the indictment were presented to the Texas Court of Criminal Appeals during his state habeas proceedings. The Texas Court of Criminal

Appeals subsequently denied the application without written order.  Because the sufficiency of the indictment was squarely presented to the highest state court and that court held that the trial court had jurisdiction over this case, this claim is foreclosed to federal habeas review.  *Wood*, 503 F.3d at 412.

**B.**     **Unanimous Jury Verdict (Claim 2)**

Petitioner next contends that the guilty verdict on Count 3 was unconstitutional because it possibly was not rendered unanimously by the jury.  Indeed, the Sixth Amendment guarantees that a federal or state criminal jury cannot convict unless it unanimously finds that the Government has proved each element of the charged offense.  *Ramos v. Louisiana*, 140 S. Ct. 1390, 1397 (2020). Other than speculation, however, petitioner has provided this Court with no evidence or argument establishing the jury's verdict in this case was not unanimous.  Such conclusory allegations do not state a claim for federal habeas corpus relief and are subject to summary dismissal.  *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (holding "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding"); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (same).

Further, the record does not reflect that petitioner's conviction was reached by a non-unanimous verdict.  The jury was instructed that their verdict on each count must be unanimous. (ECF Nos. 30-2 at 287, 30-13 at 20-23).  Juries are presumed to follow the instructions the trial court gives them, and petitioner supplies no reason to second-guess that presumption here.  *United States v. Owens*, 683 F.3d 93, 99 (5th Cir. 2012) (courts "presume[ ] that juries follow the instructions the court gives them.").  More importantly, prior to reading the verdict in this case, the trial court asked whether the jury had reached a unanimous verdict, to which the presiding juror responded "Yes."

(ECF No. 30-13 at 68).  In sum, petitioner's allegation is both conclusory and controverted by the record.  Relief is denied.

## C.   <u>Double Jeopardy</u> (Claim 4)

In his fourth claim for relief, petitioner contends that his conviction for compelling prostitution under Texas Penal Code § 43.05 violated his rights against double jeopardy.  Citing his acquittal on the trafficking charges under Texas Penal Code § 20A.02, petitioner argues that his conviction on the compelling prostitution charge constitutes a double jeopardy violation because the two statutes are virtually identical, and he is being charged with multiple crimes arising from the same criminal episode.  This allegation was rejected by the state habeas trial court and the Texas Court of Criminal Appeals during petitioner's state habeas proceedings.  Petitioner fails to demonstrate that this decision was contrary to, or an unreasonable application of, clearly established federal law.

The Double Jeopardy Clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb."  U.S. Const. Amend. V.  This clause protects against: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense.  *United States v. Dixon*, 509 U.S. 688, 695-96 (1993).  In the multiple-punishment context, the Double Jeopardy Clause protects only against the imposition of multiple criminal punishments for the same offense.  *Hudson v. United States*, 522 U.S. 93, 99 (1997).

Here, petitioner contends he is being subjected to a second prosecution for the same offense after acquittal since he was acquitted on Counts 1 and 2 of the indictment (the trafficking charges).  However, petitioner was not subjected to a second prosecution after he was acquitted—he was

acquitted of three crimes and convicted of a fourth during the same criminal proceedings.  Further, trafficking a person (Counts 1 and 2) and compelling prostitution (Count 3) are separate offenses that require different elements to be proven.  *See* Tex. Penal Code § 20A.02(a)(4) (requiring State to establish that a defendant "received a benefit" from participating in trafficking and also caused the victim to commit prostitution); § 43.05 (requiring State to establish only that defendant caused victim to commit prostitution).  Even if the two offenses were the same for purposes of double jeopardy, the Texas Legislature has expressly stated that a defendant may be prosecuted for both. *See* Tex. Penal Code § 20A.02(c) ("If conduct constituting an offense under this section also constitutes an offense under another section of this code, the actor may be prosecuted under either section or under both sections."); *see also Moreno v. State*, 413 S.W.3d 119, 131 (Tex. App.—San Antonio 2013, no pet.) (finding that "the legislature has clearly expressed its intention that a defendant may be convicted of both human trafficking based on forced prostitution under section 20A.02 and compelling prostitution under section 43.05.").

Petitioner thus fails to show that his conviction violated the Double Jeopardy Clause, much less that the state court's rejection of this claim was unreasonable.  Relief is denied.

**D.     Prosecutorial Misconduct (Claims 11, 20)**

Petitioner next contends the prosecution committed misconduct throughout his trial. According to petitioner, the prosecution used a "superseding indictment" to intentionally confuse jurors and created an impermissible "mandatory presumption" by reading the indictment during opening statements.  Petitioner also lists numerous other ways in which he believes the prosecution committed misconduct, including (1) vindictively increasing his bond requirements, (2) filing charges in retaliation for a civil suit filed against Bexar County officers, (3) making improper

arguments at closing, and (4) intentionally violating his due process and double jeopardy rights.

Petitioner provides no coherent argument or authority to support his seemingly endless list of grievances against the prosecution. But under Rule 2(c) of the Rules Governing Section 2254 Cases, a petitioner is required to plead facts in support of his claims. Conclusory allegations do not state a claim for federal habeas corpus relief and are subject to summary dismissal. *Ross*, 694 F.2d at 1012 (holding "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding"); *Koch*, 907 F.2d at 530 (same). Here, petitioner's allegations are conclusory, speculative, and unsupported by any evidence or facts. "Absent evidence in the record," this Court cannot "consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . ., unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (citing *Ross*, 694 F.2d at 1011). Thus, habeas relief is unavailable because the claims are conclusory. *Ross*, 694 F.2d at 1011.

Moreover, the record contradicts petitioner's allegations of a superseding indictment. Petitioner was only indicted once—on July 2, 2014, of two counts of trafficking and two counts of compelling prostitution—and this same indictment was read to the jury during opening arguments. (ECF Nos. 30-2 at 10-11, 30-12 at 29-31). The charge later given to the jury mirrored this indictment. (ECF No. 30-2 at 283-96). Thus, contrary to petitioner's assertion, the indictment was neither amended nor superseded in this case.

Similarly, there is no support in the record for petitioner's allegation that the prosecution presented the jury with an impermissible mandatory presumption by reading the indictment at the beginning of his trial. "A mandatory presumption instructs the jury that it must infer the presumed fact if the State proves certain predicate facts." *United States v. Cessa*, 785 F.3d 165, 185 (5th Cir.

2015) (citing *Francis v. Franklin*, 471 U.S. 307, 314 (1985) (footnote omitted)).  Such a presumption "relieves the State of its burden of persuasion by removing the presumed element from the case entirely if the State proves the predicate facts."  *Francis*, 471 U.S. at 317.  Neither the indictment nor jury charge in this case create such a presumption. Relief is therefore denied.

## E.    <u>Cumulative Error</u> (Claim 12)

Petitioner next argues that the cumulative effect of all the errors concerning his indictment, jury charge, and ultimate judgment on Count 3 denied him a fair trial.  As discussed above, however, petitioner has not demonstrated that *any* constitutional error occurred.  The Fifth Circuit has made it clear that cumulative error analysis is only appropriate where there is error to cumulate.  *Derden v. McNeel*, 938 F.2d 605, 609 (5th Cir. 1991); *United States v. $9,041,598.68*, 163 F.3d 238, 250 (5th Cir. 1999).  Allegations that, alone, are insufficient to demonstrate constitutional error cannot be combined to create reversible error.  *United States v. Moye*, 951 F.2d 59, 63 n. 7 (5th Cir. 1992) ("Because we find no merit to any of Moye's arguments of error, his claim of cumulative error must also fail."); *Mullen v. Blackburn*, 808 F.2d 1143, 1147 (5th Cir. 1987) ("Twenty times zero equals zero.").  There is therefore nothing for this Court to cumulate.

Furthermore, even assuming petitioner had established some sort of trial court error, federal habeas relief would still not be warranted because the cumulative error doctrine provides habeas relief only where the constitutional errors committed in the state court so fatally infected the trial that they violate the trial's fundamental fairness.  *Derden*, 938 F.2d at 609.  Petitioner has made no such demonstration.

**F.**     **Trial Counsel** **(Claims 3, 5-7, 10, 13-18, and 21)**

Throughout his petition and supplemental memorandum, petitioner raises numerous grounds for relief claiming that he received ineffective assistance of trial counsel (IATC).[2]  Each of these allegations were raised during petitioner's state habeas proceedings and rejected by the Texas Court of Criminal Appeals.  As discussed below, petitioner fails to demonstrate the state court's rejection of these allegations was either contrary to, or an unreasonable application of, Supreme Court precedent.

1.     Petitioner's claims are conclusory

The Court initially notes that petitioner provides little, if any, argument or authority for many of his IATC claims, despite filing a lengthy supplemental memorandum in support of his petition. For example, Claims 14-18 and 21 seem to list a series of perceived errors, each only a sentence or two long, but lack any further explanation.  Under Rule 2(c) of the Rules Governing Section 2254 Cases, however, a petitioner is required to plead facts in support of his claims.  Conclusory allegations do not state a claim for federal habeas corpus relief and are subject to summary dismissal. *Ross*, 694 F.2d at 1012; *Koch*, 907 F.2d at 530.

Here, petitioner's allegations are conclusory, speculative, and unsupported by any evidence or facts.  Again, "absent evidence in the record," this Court cannot "consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . ., unsupported and unsupportable by

---

[2]  Specifically, petitioner contends counsel: (1) failed to challenge the non-unanimous verdict, (2) failed to raise a double jeopardy objection, (3) failed to challenge the indictment, (4) failed to challenge the variance between the indictment and the jury charge, (5) failed to require proper notice of the acts that constitute the offense, (6) violated his right to testify, (7) failed to investigate and subpoena witnesses, (8) failed to request an accomplice-witness instruction, (9) failed to prepare or function as an advocate, (10) was unprepared as a result of having less than 30 days to prepare for trial, (11) failed to consult with his client, conduct an investigation, or prepare a defense, and (12) failed to request jury instructions.

anything else contained in the record, to be of probative evidentiary value." *Ford*, 910 F.3d at 235

(citing *Ross*, 694 F.2d at 1011).  For this reason alone, petitioner's claims could be denied.  *See*

*United States v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007) ("[C]onclusory allegations are insufficient

to raise cognizable claims of ineffective assistance of counsel.") (quoting *Miller v. Johnson*, 200 F.3d

274, 282 (5th Cir. 2000)).

      2.    The *Strickland* Standard

     Nevertheless, the Court will review petitioner's Sixth Amendment IATC claims under the

familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984).  Under

*Strickland*, a petitioner cannot establish a violation of his Sixth Amendment right to counsel unless

he demonstrates (1) counsel's performance was deficient and (2) this deficiency prejudiced his

defense.  466 U.S. at 687-88, 690.

     *Strickland*'s first prong "sets a high bar." *Buck v. Davis*, 137 S. Ct. 759, 775 (2017).  When

determining whether counsel performed deficiently, courts "must be highly deferential" to counsel's

conduct, and a petitioner must show that, "counsel's representation fell below an objective standard

of reasonableness" as measured by "prevailing professional norms." *See Rhoades v. Davis*, 852 F.3d

422, 431-32 (5th Cir. 2017) (quoting *Strickland*, 466 U.S. at 687-88).  Counsel is "strongly presumed

to have rendered adequate assistance and made all significant decisions in the exercise of reasonable

professional judgment." *Burt v. Titlow*, 571 U.S. 12, 22 (2013) (quoting *Strickland*, 466 U.S. at

690).

     To satisfy *Strickland*'s second prong, a petitioner "must show that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different." *Strickland*, 466 U.S. at 694.  Under this prong, the "likelihood of a different result must

be substantial, not just conceivable." *Richter*, 562 U.S. at 112.  A habeas petitioner has the burden of proving both prongs of the *Strickland* test.  *Wong v. Belmontes*, 558 U.S. 15, 27 (2009). Surmounting this difficult standard "is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

Finally, IATC claims are considered mixed questions of law and fact and are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1).  *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010).  Where, as here, the state court adjudicated the IATC claims on the merits, a court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d).  *See Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (citing *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)); *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009).  In such cases, the "pivotal question" is not "whether defense counsel's performance fell below *Strickland*'s standards," but whether "the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S at 101.  That is to say, the question to be asked in this case is not whether counsel's actions were reasonable, but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. at 105.

3.    Petitioner's claims lack merit

Petitioner first contends trial counsel was ineffective for failing to challenge the non-unanimous verdict (Claim 3) or object to a double jeopardy violation (Claim 5).  Petitioner believes counsel should have objected to preserve these errors for appellate review.  But as discussed in previous sections, petitioner was not subjected to a double jeopardy violation or a non-unanimous verdict.  *See* Sections IV (B) and (C), *supra*.  As a result, any objection made by counsel on such grounds would have been futile, and "counsel is not required to make futile motions or objections."

-15-

*Koch*, 907 F.2d at 527; *see also Miller v. Thaler*, 714 F.3d 897, 904 n.6 (5th Cir. 2013) (counsel is

not required to make futile motions or objections); *Roberts v. Thaler*, 681 F.3d 597, 612 (5th Cir.

2012) ("the failure to lodge futile objections does not qualify as ineffective assistance").  The state

habeas court's denial of these claims was therefore not unreasonable.

The remainder of petitioner's allegations were also raised during his state habeas

proceedings.  In response, petitioner's trial counsel, James Oltersdorf, submitted an affidavit.  (ECF

No. 30-35 at 10-12).  The state habeas trial court summarized Mr. Oltersdorf's affidavit as follows:

a.   There is no lesser included offense to Compelling Prostitution.

b.   There were no accomplices or co-defendants to this offense.

c.   The evidence was direct, not circumstantial; there was no evidence offered
     under Rules 404(b) or 609.

d.   There was no election of counts—the State proved all counts at trial but
     [petitioner] was only found guilty of one count.

e.   Mr. Oltersdorf told [petitioner] the decision to testify was up to him.

f.   [Petitioner]'s mother passed him a note telling him not to testify.

g.   There was no alibi defense in this case.

h.   [Petitioner] advertised the 14 year old girl on [petitioner]'s Facebook account
     using his cell phone.

i.   Facebook provided business records proving it was [petitioner]'s Facebook
     account that posted the ads.

j.   [Petitioner] had two appointed attorneys who thoroughly investigated [his]
     case.

k.   Mr. Oltersdorf and Mr. Molir consulted with [petitioner] and each other.

l.   None of [petitioner]'s attorneys were in "cahoots" with the State.

(ECF No. 30-37 at 4-10).   In recommending the denial of petitioner's application, the state habeas

trial court found Mr. Oltersdorf's explanations to be truthful and credible and concluded that

petitioner was not deprived of effective assistance of trial counsel.   *Id*.   The Texas Court of Criminal

Appeals adopted the trial court's findings when it denied relief without written order.   (ECF No. 30-

22).

Petitioner presents no clear and convincing evidence or persuasive argument to rebut the state

courts' factual findings.   Trial counsel's affidavit—adopted by the state habeas court and ultimately

by the Texas Court of Criminal Appeals—contradicted petitioner's allegations that counsel

(1) needed to challenge the indictment language, (2) violated petitioner's right to testify, (3) failed

to investigate or prepare, (4) failed to consult with petitioner, or (5) should have requested an

accomplice-witness instruction.   Petitioner's conclusory arguments do not show that counsel's

recollection was incorrect, much less demonstrate that state court's ruling on trial counsel's

performance "was so lacking in justification that there was an error well understood and

comprehended in existing law beyond any possibility for fairminded disagreement."   *Richter*, 562

U.S. at 103.   Relief is therefore denied.

## G.   Appellate Counsel (Claims 9, 19, and 22)

Petitioner also contends Mr. Oltersdorf rendered ineffective assistance of counsel during his

direct appeal proceedings.   A criminal defendant is constitutionally entitled to effective assistance

of appellate counsel when he has a right to appeal under state law.   *Evitts v. Lucey*, 469 U.S. 387

(1985); *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000).   The familiar standard set out

in *Strickland* to prove that counsel rendered unconstitutionally ineffective assistance applies equally

to both trial and appellate attorneys.   *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Dorsey v.*

-17-

*Stephens*, 720 F.3d 309, 319 (5th Cir. 2013).  Thus, to obtain relief, petitioner must demonstrate that (1) appellate counsel's conduct was objectively unreasonable under then-current legal standards, and (2) there is a reasonable probability that, but for appellate counsel's deficient performance, the outcome of petitioner's appeal would have been different.  *See Robbins*, 528 U.S. at 285; *Higgins v. Cain*, 720 F.3d 255, 260-61 (5th Cir. 2015).

Petitioner contends in Claim 9 that counsel was ineffective for failing to challenge the factual and legal sufficiency of the evidence on direct appeal.  According to petitioner, the fact that he was acquitted of Counts 1 and 2 (trafficking charges) shows that the evidence was insufficient to support a conviction on Count 3 (compelling prostitution charge).  As noted by respondent, however, an acquittal on a trafficking charge does not necessarily require an acquittal on a separate compelling prostitution charge because the elements of the offenses differ.  *See* Tex. Penal Code § 20A.02(a)(4) (requiring State to establish that a defendant "received a benefit" from participating in trafficking and also caused the victim to commit prostitution); § 43.05 (requiring State to establish only that defendant caused victim to commit prostitution).  Because this allegation lacks merit on its fact, appellate counsel was not deficient for failing to raise it on direct appeal.

In Claims 19 and 22, petitioner faults appellate counsel's failure to raise a "plethora" of IATC claims or challenge the misconduct of the prosecution during trial.  Like petitioner's IATC claims, these allegations are conclusory, speculative, and unsupported by any evidence or argument.  Moreover, this Court has already determined that petitioner's IATC claims and prosecutorial misconduct claims wholly lack merit.  *See* Sections IV(D) and (F), *supra*.  Because raising these allegations on direct appeal would likely have been fruitless, counsel cannot be considered

ineffective for failing to raise them.  *Smith*, 528 U.S. at 287-88 (appellate counsel is not required to raise every conceivable argument urged by his or her client on appeal, regardless of merit).

It is counsel's duty to choose among potential issues, according to his judgment as to their merits and the tactical approach taken.  *Jones v. Barnes*, 463 U.S. 745, 749 (1983).  But appellate counsel is not required to raise every possible non-frivolous claim on appeal.  *Id*. at 751-52 (1983) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues.").  Here, petitioner presents no potentially meritorious issues that appellate counsel could or should have included in his appellate brief.  Federal habeas corpus relief is therefore unwarranted.

### H.    <u>Insufficient Evidence and Speedy Trial</u> (Claims 23 and 24)

In his remaining two allegations, petitioner contends the evidence was factually and legally insufficient to support a conviction for compelling prostitution and that he was denied his right to a speedy trial.   In response, respondent argues that these allegations are unexhausted and procedurally barred from federal habeas corpus relief because petitioner did not raise them during his direct appeal or state habeas proceedings.  Respondent is correct.

Before seeking review in federal court, a habeas corpus petitioner must first present his claims in state court and exhaust all state court remedies through proper adjudication on the merits. *See* 28 U.S.C. § 2254(b)(1)(A) (stating that habeas corpus relief may not be granted "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State.").  The exhaustion requirement is satisfied if the substance of the federal habeas claim was presented to the highest state court in a procedurally proper manner.  *Baldwin v. Reese*, 541 U.S. 27, 29-32 (2004); *Moore v. Cain*, 298 F.3d 361, 364 (5th Cir. 2002).  In Texas, the highest state court for criminal

matters is the Texas Court of Criminal Appeals, and a prisoner must present the substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or an application for writ of habeas corpus under Texas Code of Criminal Procedure Article 11.07. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *Bautista v. McCotter,* 793 F.2d 109, 110 (5th Cir. 1986).

In this case, the record confirms that petitioner did not properly present Claims 23 and 24 to Texas Court of Criminal Appeals in either a petition for discretionary review or state habeas corpus application. Because these allegations are being presented for the first time in this federal habeas proceeding, they are unexhausted under § 2254(b).

Further, should this Court now require petitioner to return to state court to satisfy the exhaustion requirement, the Texas Court of Criminal Appeals would find the claims procedurally barred under the abuse of the writ doctrine found in Article 11.07 § 4 of the Texas Code of Criminal Procedure since petitioner already challenged his conviction in a previous state habeas application. Because Texas would likely bar another habeas corpus application by petitioner regarding this conviction, he has committed a procedural default that is sufficient to bar federal habeas corpus review. *See Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (finding a procedural default occurs "when a prisoner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.") (citation and internal quotation marks omitted); *see also Bagwell v. Dretke*, 372 F.3d 748, 755-56 (5th Cir. 2004) (holding a petitioner procedurally defaulted by failing to "fairly present" a claim to the state courts in his state habeas corpus application); *see also Smith v. Cockrell*, 311 F.3d 661, 684 (5th Cir. 2002) (holding unexhausted claims were procedurally

barred); *Jones v. Johnson*, 171 F.3d 270, 276-77 (5th Cir. 1999) (explaining that unexhausted claims are procedurally barred).

Consequently, petitioner is precluded from federal habeas relief on the unexhausted claims unless he can show cause for the default and resulting prejudice, or demonstrate that the Court's failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Busby v. Dretke,* 359 F.3d 708, 718 (5th Cir. 2004).  But petitioner does not argue that cause and prejudice should excuse the default, nor does he demonstrate that the Court's denial of the claims will result in a "fundamental miscarriage of justice."  Thus, circuit precedent compels the denial of petitioner's unexhausted claims—Claims 23 and 24—as procedurally defaulted.

## I.     <u>Actual Innocence</u>

Finally, petitioner asserts throughout his memorandum in support (ECF No. 22) that he is "actually innocent" of compelling prostitution.  However, "freestanding" claims of actual innocence, such as the allegation now before the Court, do not provide a valid basis for federal habeas relief.  *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000) (citing *Herrera v. Collins*, 506 U.S. 390, 400 (1993)).  "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact."  *Herrera*, 506 U.S. at 399.  Although the *Herrera* court left open the question of whether, in a capital case, "a truly persuasive demonstration of 'actual innocence' made after trial would  . . . warrant habeas relief if there were no state avenue open to process such a claim," 506 U.S. at 417, the Fifth Circuit has consistently

rejected this theory.[3]  *See Cantu v. Thaler*, 632 F.3d 157, 167 (5th Cir. 2011); *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009); *Graves v. Cockrell,* 351 F.3d 143, 151 (5th Cir. 2003) (collecting cases).  Because the Fifth Circuit does not recognize freestanding claims of actual innocence on federal habeas review, petitioner's allegation must be rejected.

Even assuming petitioner's actual-innocence claim could be the basis for federal relief, it would only be cognizable if there were no state procedure available for making the claim.  *Herrera*, 506 U.S. at 417; *Graves*, 351 F.3d at 151.  Such is not the situation in Texas, where state procedures are available to raise actual-innocence claims in clemency proceedings or a state habeas petition. *See* Tex. Crim. Proc. Code art. 48.01 (West 2019); *Lucas v. Johnson*, 132 F.3d 1069, 1075 (5th Cir. 1998).  Indeed, petitioner unsuccessfully raised this actual-innocence allegation during his state habeas corpus proceedings.  Thus, petitioner's freestanding claim of actual innocence is denied.

## V.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA).  *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).  A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits:  The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable

---

[3]   In later revisiting the issue of actual innocence, the Supreme Court declined to resolve the question of whether freestanding actual-innocence claims are to be recognized in federal habeas proceedings.  *House v. Bell*, 547 U.S. 518, 555 (2006).

or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*.  In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484).  In other words, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason*,* but also makes a substantial showing of the denial of a constitutional right.  The Court is authorized to address the propriety of granting a COA *sua sponte.  See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).

After thoroughly reviewing the record and applicable law, this Court concludes that reasonable jurists would agree petitioner's claims for habeas relief do not satisfy the standard for obtaining a COA.  Petitioner has failed to make a substantial showing of the denial of a federal right or demonstrate that reasonable jurists could debate whether his petition should be resolved in a different manner.  Accordingly, a COA will not issue.

## VI.  Conclusion and Order

After careful consideration, the Court concludes that petitioner's Claims 23 and 24 are unexhausted and procedurally barred from federal habeas review.  Concerning the remainder of petitioner's allegations, he has failed to establish that the state court's rejection of the allegations on

the merits during either his direct appeal or state habeas corpus proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the petitioner's state trial, appellate, and habeas corpus proceedings.  Even if the Court applied a *de novo* standard of review when evaluating petitioner's allegations, they clearly lack merit.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.      Federal habeas corpus relief is **DENIED** and petitioner Allen John Murray's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2.      No Certificate of Appealability shall issue in this case; and

3.      All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so ORDERED.

SIGNED this 6th day of April, 2022.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE

-24-